IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CYNTHIA PEREZ** | * | **CIVIL ACTION NO.** _____ |
|     **PLAINTIFF** | * | |
| **V.** | * | |
| | * | |
| **CORPUS CHRISTI INDEPENDENT** | * | |
| **SCHOOL DISTRICT** | * | |
|     **DEFENDANT** | * | **JURY DEMAND** |

**ORIGINAL COMPLAINT**

**I. JURISDICTION AND VENUE**

1.  This is a civil action against Defendant, Corpus Christi Independent School District, for damages in violation of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. in accordance with its provisions against race discrimination. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of race discrimination.

2.  This is also a civil action against Defendant, Corpus Christi Independent School District, for damages in violation of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. in accordance with its provisions against national origin discrimination. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of national origin discrimination.

3.  This is also a civil action against Defendant, Corpus Christi Independent School District, for damages in violation of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. in accordance with its provisions against sex discrimination. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of sex discrimination.

4.  The jurisdiction of this Court is invoked pursuant to 42 U.S.C., §2000-16(c) (Supp.1993) and 28 U.S.C. §1331 and venue is proper pursuant to 28 U.S.C. §1391(b) for acts committed

within this judicial district.

## II. PARTIES

5.   Plaintiff, Cynthia Perez, is a 54-year-old Hispanic female and former employee as contemplated under Title VII of the Civil Rights Act of 1964, as amended, who resides at 8222 Excalibur Road, Corpus Christi, Texas 78414. Plaintiff is a citizen of the United States and at all times relevant to this complaint was a resident of this district residing in Nueces County, State of Texas.

6.   Defendant, Corpus Christi Independent School District (hereinafter CCISD or Defendant), is the local governmental school district and is an employer as contemplated under Title VII of the Civil Rights Act of 1964, as amended. Service of process may be served upon Dr. Roland Hernandez, Superintendent, Corpus Christi Independent School District, 801 Leopard Street, Corpus Christi, Texas 78401.

7.   All relevant events and transactions alleged herein in connection with Plaintiff's discrimination claims and other wrongful acts occurred in this district.

## III. JURY DEMAND

8.   Plaintiff hereby requests and demands a jury trial and has otherwise timely and properly made her demand for a jury trial pursuant to the Federal Rules of Civil Procedure.

## IV. ADMINISTRATIVE REMEDIES

9.   Plaintiff filed a formal charge of discrimination on April 28, 2015 as part of the administrative requirements to prosecute her race, sex and national origin discrimination claims.

10.   Subsequently, the U.S. Equal Employment Opportunity Commission issued its Dismissal and Notice of Rights, dated December 3, 2015, which Plaintiff received. However, the Dismissal and Notice of Rights, dated December 3, 2015, was vacated on or about January 25, 2016.

11.   On March 9, 2017, another Dismissal and Notice of Rights, dated March 9, 2017, was

issued by the U.S. Equal Employment Opportunity Commission, which Plaintiff received.

12.     Plaintiff has otherwise exhausted her administrative remedies.

## V. FACTUAL BACKGROUND

13.     On or about February 24, 1993, Plaintiff Cynthia Perez began her employment with the Corpus Christi Independent School District (hereinafter referred to as CCISD or Defendant) where she was hired as a Senior Buyer. Plaintiff's immediate supervisor was Brian Bray, Director of Purchasing, white male.

14.     Throughout her employment with CCISD, Plaintiff consistently satisfactorily performed her duties as a Senior Buyer and met the performance standards promulgated and established by CCISD.

15.     As a Senior Buyer for CCISD, Plaintiff's duties and responsibilities included, among other things, processing bids, servicing buyers and contracts, purchasing athletic goods and services, assisting the director in supervising and hiring staff and training. Plaintiff was also in charge of overseeing the mailroom, processing purchase orders, and assisting staff with purchasing items as needed. As her direct supervisor, Mr. Bray had similar tasks and responsibilities performed by Plaintiff. Mr. Bray, along with Plaintiff, coordinated oversight of the bidding process and reconciled purchases made by CCISD in support of the various academic campuses throughout the district.

16.     Despite Plaintiff's satisfactory performance and long-standing compliance with the Educator's Code of Ethics, CCISD engaged in a scheme to discriminate against Plaintiff on account of her national original, race and sex with regards to the discriminatory application of its disciplinary policies and practices and related terms and conditions of employment.

17.     On or about October 25, 2014, Plaintiff was arrested by a City of Corpus Christi police officer for allegedly providing alcohol to minors. Earlier that evening, at her house, Plaintiff's daughter celebrated her eighteenth birthday. According to the police, they arrived at Plaintiff's home where they claimed that they observed, while looking through a window, minors drinking. Although Plaintiff denied to the police that she purchased any alcohol for the unidentified minors, Plaintiff was handcuffed and placed in a patrol car and later booked at the City of Corpus Christi detention center.

18. Several days later, on or about October 27, 2014, Plaintiff reported her arrest to her supervisor and others consistent with CCISD's arrest reporting policy. On or about October 27, 2014, Plaintiff returned to work. Following her return to work on Monday, October 27, 2014, Plaintiff met with CCISD in-house counsel, Andrew Thompson. At this meeting, Mr. Thompson represented and showed to Plaintiff that based upon CCISD Board Policy matrix, she was allowed to return to work, since Plaintiff's arrest was not for a felony but a misdemeanor charge and her job responsibilities had no direct contact with students. On the same date, Plaintiff also informed her immediate supervisor, Mr. Bray about her conversation with CCISD's in-house counsel.

19. While on suspension, Plaintiff had a discussion, via telephone, with Donna Adams, CCISD Director of Personnel. During that telephone conversation, Plaintiff inquired about what she needed to do to retain her position that she held for nearly 22 years.

20. On Thursday, November 6, 2014, near the end of Plaintiff's workday, Donna Adams came to visit Plaintiff and to notify her that she had just heard about Plaintiff's arrest. However, in a short period of time, on or about November 7, 2014, Plaintiff received written notice that she was placed on temporary suspension without pay. The November 7, 2014 letter signed by Dr. Roland Hernandez, CCISD Superintendent indicated that Plaintiff was "being suspended without pay pending the outcome of an investigation regarding allegations of inappropriate and unprofessional conduct". Afterwards, Ms. Adams contacted Plaintiff as well to inform her that she is suspended without pay until Plaintiff gets her case resolved.

21. Within a week, on or about November 11, 2014, Plaintiff received a call from CCISD Chief of Police, Kirby Warnke who was conducting an investigation for CCISD. With full cooperation, Plaintiff participated in an interview with Chief Warnke on November 12, 2014, but without legitimate justification, Plaintiff remained on suspension.

22. Plaintiff consistently maintained her innocence to CCISD regarding her October 25, 2014 arrest, notwithstanding her Pre-Trial Diversion Agreement. Moreover, CCISD did not conduct any independent investigation, except for the efforts of Chief Warnke who on November 24, 2014, sought to determine whether Plaintiff engaged in the conduct that resulted in Plaintiff's arrest. In his written report, Chief Warnke interviewed several individuals, including Plaintiff, who, according to Chief Warnke, "denies providing alcohol to minors". Without any objective evidence, CCISD imposed conditions on Plaintiff to support its unsubstantiated conclusions that

"[b]ased on your violation of the above noted Board Policies", Plaintiff should be terminated.

23. Consistent with a January 15, 2015 letter to Donna Adams, Director for Certified Personnel, CCISD was put on notice that the basis of Plaintiff's "suspension has been resolved". In the January 15, 2015 written notice to Ms. Adams, CCISD was informed that in connection with Plaintiff's "pre-trial diversion agreement" she has "met the school policy for her to be fully reinstated and resume her important work at CCISD". Nonetheless, Plaintiff's suspension was not lifted.

24. Contrary to CCISD's assertions, Plaintiff did not unequivocally admit to wrong doing in connection with her October 25, 2014 arrest. As part of a pre-trial agreement, Plaintiff conditionally admitted her guilt "to the alleged charge" in the event she "fail[ed] the pretrial diversion program" signed by Plaintiff on January 22, 2015, in a court document entitled, Pretrial Diversion Program Judicial Confession and Waiver of Rights. No finding or judgment of guilt was ever signed or entered by any court against Plaintiff for the charges against her stemming from the October 25, 2014 arrest. What's more, Plaintiff successfully completed the Pretrial Diversion Program and the charges against Plaintiff were dismissed on or about July 23, 2015.

25. CCISD established and promulgated a policy wherein it may "obtain criminal history record information on current employees". Within this policy, CCISD's superintendent is tasked with establishing criteria for "determining acceptable criminal history for new and current employees". This policy is managed by a review committee that can assess the records of "current employees with new or newly discovered criminal events", which CCISD's director for human resources "will apply that criteria and process details" in this policy.

26. As part of its review process, the Criminal Review Committee "will be guided" by various factors "in making a recommendation as to whether" an employee "should maintain employment with" CCISD. When viewed objectively, the various factors available to the Criminal Review Committee mitigated in favor of Plaintiff. Nonetheless, when comparable violation histories of other CCISD employees were measured against Plaintiff, she was singled out and discriminated against by CCISD. Even worse, there is no provision in CCISD's policy that compelled or mandated that Plaintiff be discharged in connection with the October 25, 2014 arrest.

27. CCISD has established and maintained a policy regarding Employee Standards of Conduct, which during her nearly 22 years of employment with CCISD, Plaintiff consistently

embraced and followed. Although not required under the Employee Standards of Conduct, Plaintiff reported her October 25, 2014 arrest, even though it did not involve "any felony, any offense involving moral turpitude, and any of the other offenses" listed under the Employee Standards of Conduct.

28. CCISD through Ms. Adams, along with Dr. Hernandez, deliberately imposed terms and conditions of employment not uniformly applied to other non-Hispanic or male management official employees with CCISD. To implement its scheme to discriminate against Plaintiff, CCISD set out misleading reasons for Plaintiff's termination as noted in the February 17, 2015 Termination of Employment notice sent to Plaintiff by Ms. Adams. For example, Plaintiff is not an educator either as contemplated under the Texas Educator Codes of Conduct or the Educator's Code of Ethics. Moreover, Ms. Adams misstates that Plaintiff "is eligible for employment only with committee approval". Even worse, Ms. Adams purposely misconstrued board policy when she wrote, "you currently being under the supervision of the court for a Pre-Trial Diversion, would make you ineligible for employment at this time". The manner in which CCISD handled and processed the open criminal charges against Plaintiff differed significantly from the manner CCISD handled and processed a serious criminal charge against Mr. Bray. Although Plaintiff and Mr. Bray worked in the same department, subject to the same administrative review of the Director of Personnel and Superintendent, Mr. Bray received the benefit of favorable treatment when he was not terminated following his arrests: one for assault and another for possession of marijuana. Oddly, Mr. Bray's criminal history was far less favorable than Plaintiff's. Several male employees arrested for Driving While Intoxicated (DWI), including an assistant principal, were allowed to maintain their employment with CCISD. Plaintiff's criminal history does not contain any convictions, unlike some male employees.

## VI. **FIRST CAUSE OF ACTION**

29. Plaintiff repeats, re-alleges and incorporates herein as part of her First Cause of Action paragraphs 1 through 28 of this Original Complaint, inclusive and in their entirety, and further alleges:

30. she was a member of a protected class by reason of her race;

31. she suffered an adverse employment action;

32. she was qualified for the position; and

33. she was replaced by someone outside the protected class or was

34. treated differently than similarly-situated, non-protected employees.

## VII. SECOND CAUSE OF ACTION

35. Plaintiff repeats, re-alleges and incorporates herein as part of her Second Cause of Action paragraphs 1 through 28 of this Original Complaint, inclusive and in their entirety, and further alleges:

36. she was a member of a protected class by reason of her national origin;

37. she suffered an adverse employment action;

38. she was qualified for the position; and

39. she was replaced by someone outside the protected class or was

40. treated differently than similarly-situated, non-protected employees.

## VIII. THIRD CAUSE OF ACTION

41. Plaintiff repeats, re-alleges and incorporates herein as part of her Third Cause of Action paragraphs 1 through 28 of this Plaintiff's Original Complaint, inclusive and in their entirety, and further alleges:

42. she was a member of a protected class by reason of her sex;

43. she suffered an adverse employment action;

44. she was qualified for the position; and

45. she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Plaintiff have:

1. Judgment entered for the Plaintiff against Defendant for damages.

2. Award Plaintiff equitable relief and actual damages, including back pay and benefits

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e.

3. Award Plaintiff damages for physical and mental pain and suffering, including compensatory damages in connection with those claims made herein pursuant to 42 U.S.C §2000e.

4. Attorney's fees and costs as provided by 42 U.S.C. §§2000e-5(k), 5(g), 42 U.S.C. §1988.

5. Pre-judgment interest where permitted by law.

6. Interest at the legal rate on the foregoing sums from the date of judgment until paid.

7. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Charles C. Smith
Charles C. Smith
Law Office of Charles C. Smith
615 N. Upper Broadway, Suite 1710
Corpus Christi, Texas 78401
Telephone Number: (361) 883-1055
Facsimile Number: (361) 883-4041
State Bar Number: 18550210
Admission No. 4312
E-Mail: ccsmithlaw@aol.com