UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CYNTHIA PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-187 |
| | § | |
| CORPUS CHRISTI INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Cynthia Perez (Perez) filed this action against her former employer, Corpus Christi Independent School District (CCISD), alleging that her termination was discriminatory on the basis of race and sex. Before the Court is CCISD's Motion for Summary Judgment (D.E. 20), Perez's response (D.E. 21), CCISD's reply (D.E. 26), CCISD's objections to Perez's summary judgment evidence and motion to strike (D.E. 26), and Perez's response to CCISD's evidentiary objections (D.E 29). CCISD's summary judgment motion challenges all of Perez's claims that it discriminated against her[1]. For the reasons set out below, the Court GRANTS the motion (D.E. 20).

Also before the Court is CCISD's Motion for Enforcement of Protective Order and for Sanctions (D.E. 22). CCISD's motion objects to Perez's filing of confidential materials in support of her summary judgment response without ensuring that they were filed under seal. The motion (D.E. 22) is GRANTED IN PART and DENIED IN PART.

---

[1] Perez did not address her race/national origin discrimination claim in her response to the summary judgment motion. In the "Statement of the Case" section, she states only that this is a gender-based discrimination case (D.E. 21, p. 5). The Court thus finds that Plaintiff has abandoned her race/national origin discrimination claim and DISMISSES it.

The Court GRANTS the request for enforcement of the protective order and ORDERS that the response and its exhibits be placed under seal. The Court DENIES sanctions as set out more fully below.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.* Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated

and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

## FACTS

The facts set out in this section are undisputed. CCISD hired Perez as a Junior Buyer in its Purchasing and Distribution Department in 1993. CCISD later promoted her to Buyer and then, in 2001, to Senior Buyer. D.E. 20-1, ¶ 4. She served as an at-will employee throughout her employment. *Id*. CCISD terminated her employment after she

was arrested and admitted guilt with respect to a criminal charge for furnishing alcohol to minors.

As a part of CCISD employment, Perez was subject to a number of restrictions on her behavior:

- Policy DH—Educator's Code of Ethics, including:

  Standard 1.7.  The educator shall comply with state regulations, written local Board policies, and other state and federal laws. . . .

  Standard 3.2.  The educator shall not intentionally, knowingly, or recklessly treat a student or minor in a manner that adversely affects or endangers the learning, physical health, mental health, or safety of the student or minor. . . .

  Standard 3.7.  The educator shall not furnish alcohol or illegal/unauthorized drugs to any person under 21 years of age unless the educator is a parent or guardian of that child or knowingly allow any person under 21 years of age unless the educator is a parent or guardian of that child to consume alcohol or illegal/ unauthorized drugs in the presence of the educator.

  D.E. 20-1, p. 28.

- Regulation DBAA—Employment Requirements and Restrictions; Criminal History and Credit Reports, setting out factors to be considered when evaluating criminal history and employment eligibility, including:

  1.    Nature, seriousness and extent of the crime; . . . [and]

  6.    Amount of time that has elapsed since the crime was committed . . . .

  D.E. 20-1, p. 8.

*See also*, D.E. 20-2, pp. 2-3 (memorandum recommending termination of Perez's at-will employment, applying these restrictions).

## A. The Perez Criminal Charge

On or about October 25, 2014, Perez's daughter celebrated her eighteenth birthday at the Perez home, serving alcohol to a number of minors which included CCISD students. D.E. 20-3, p. 10; D.E. 20-4, p. 3. Perez was home at the time. When police responded to a complaint about the party, Perez was arrested on misdemeanor charges of furnishing alcohol to minors. D.E. 20-1, pp. 36-43 (CCISD Investigation Report), 47-51 (Agreement for Pretrial Diversion). The next day, Perez complied with CCISD policy and advised the CCISD legal department and her supervisor, Brian Bray, of the arrest. D.E. 20-3, p. 19; D.E. 20-4, p. 3. No adverse employment action was taken against Perez at that time.

When Donna Adams, the CCISD Executive Director of Certified and Professional Personnel, learned of the arrest through local media several days later, CCISD placed Perez on administrative leave without pay pending an investigation. D.E. 20-1, ¶¶ 5, 6; D.E. 20-1, p. 32. CCISD's Chief of Police conducted that investigation and waited for a resolution of the charges. Ultimately, Perez admitted guilt in a written agreement for pretrial diversion. As a result, she avoided prosecution and conviction, but was subject to court supervision for several months. Perez submitted to monthly monitoring by the Nueces County Community Supervision and Corrections Department (Adult Probation) for six months, agreed to abstain from alcohol and drug use and to submit to random

testing, agreed to perform thirty hours of community service, and agreed to pay a $500 pretrial diversion program fee and other fees. D.E. 20-1, pp. 48-51.

After receiving a copy of the agreement and pursuant to CCISD Board Policy DBAA, the CCISD Criminal History Review Committee met to evaluate Perez's employment. D.E. 20-1, ¶ 6. The Committee recommended termination, but allowed that, after successful completion of her pretrial diversion agreement, Perez could apply anew for any positions for which she was suited. Her eligibility for employment at that time would be reevaluated. D.E. 20-2, p. 3. Upon the Committee's recommendation, CCISD terminated Perez's employment in a memorandum dated February 17, 2015, which also advised her of her eligibility to reapply. D.E. 20-2, pp. 5-6. Perez has not applied for any position at CCISD since she successfully completed her pretrial diversion agreement. D.E. 20-3, p. 26.

### B. Evidence of Discrimination; The Comparators' Facts

Under deposition questioning, Perez could not identify any specific acts of discrimination by CCISD based on her being a female. D.E. 20-3, p. 14. Thus her case is based on a theory of disparate treatment. She contends that she was discriminated against because four other CCISD employees, who are male, were arrested on criminal charges, but were not suspended without pay or terminated as she was.

CCISD contends that the four individuals she named are not similarly situated employees and that any differential treatment was appropriately based on the differences in their fact patterns. The status of Perez's named comparators—their employment relationship with CCISD, the criminal charges brought against them, and CCISD's

resulting employment action—are not in dispute. They will be described here in categorical terms, using numbers rather than names, to protect any confidentiality to which they may be entitled.

| Type of Employee | Criminal Charge, Nature and Disposition if Known | Initial Employment Action | Final Employment Action |
|---|---|---|---|
| One BB:<br><br>Low Profile<br><br>Contract Employee<br><br>Male | Assault,<br>Charges dropped | Suspended with pay pending investigation.<br><br>No minors, students, or CCISD work hours/duties involved. | Reinstated after charges were dropped. |
| | Possession of Marijuana | Terminable conduct—immediate final action. | Voluntary resignation effective at end of contract term. |
| Two CG:<br><br>High Profile<br><br>Contract Employee<br><br>Male | Driving While Intoxicated | Suspended with pay pending investigation.<br><br>No minors, students, or CCISD work hours/duties involved.<br><br>Reprimanded for delay in reporting, with requirements for counseling, drug testing, and ethics training. | Reinstated with temporary suspension from coaching position.<br><br>Later submitted voluntary resignation. |
| Three EM:<br><br>Low Profile<br><br>At-Will Employee<br><br>Male | Driving While Intoxicated | Not suspended.<br><br>No minors, students, or CCISD work hours/duties involved. | Demoted to position where he was not required to drive. Eligible to reapply after charges resolved.<br><br>Later submitted voluntary resignation. |
| Four DN:<br><br>High Profile<br><br>Contract Employee<br><br>Male | Driving While Intoxicated | Suspended with pay pending investigation.<br><br>No minors, students, or CCISD work hours/duties involved. | Reinstated with transfer to another campus and different position.<br><br>Remained employed until retirement. |

# DISCUSSION

## A. Employment Discrimination Decision Rubric

In the context of employment discrimination, a plaintiff may evidence discrimination directly or indirectly. As noted, Perez does not claim to have direct evidence of discrimination. For a prima facie case based on indirect evidence, a plaintiff must show disparate treatment.[2] The employer may then rebut that prima facie case with evidence of a legitimate nondiscriminatory reason for differential treatment. The employee then has the burden to show that the employer's proffered nondiscriminatory reason is mere pretext. *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 381 (5th Cir. 1988).

## B. The Decision to Terminate

The nature of the criminal charge brought against Perez provides the basis for finding that the comparators are not similarly situated and that CCISD's decision to terminate was justified and not pretextual. While the status of Perez and her comparators need not be identical, it must be sufficiently similar or nearly identical in order to allow for the inference that any disparate treatment is attributable to the plaintiff's protected class status. *See e.g.*, *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). This high level of similarity also prevents the Court from having to second-guess or micromanage employers' priorities in making complex personnel decisions. *See,*

---

[2] *See generally, McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), describing the full burden-shifting framework for discrimination claims based on indirect evidence.

*Smith v. Texas Dep't of Water Res.*, 818 F.2d 363, 366–67 (5th Cir. 1987); *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004).

The Fifth Circuit has stated that the required similarity is evaluated by looking at several factors involved in employment assignments and related decisions:

> [W]e require that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken "under nearly identical circumstances." The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the "difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer," the employees are not similarly situated for the purposes of an employment discrimination analysis.

*Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009) (footnotes omitted). Thus, when there is a discharge for misconduct, the offense at issue must be nearly identical to the comparator's offense. For instance, a plaintiff who assaulted a co-worker was not deemed similar to comparators who were neglectful, argumentative, or falsified records. *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 514–15 (5th Cir. 2001). And employees were not similarly situated when one was considered lazy while the other was considered insubordinate in connection with their refusal to do the work requested of them. *Smith*, 818 F.2d at 366-67.

### 1. The Comparators Are Not Similarly Situated

Here, Perez argues that the DWI charges against comparators Two, Three, and Four are sufficiently similar to her charge because they all involve alcohol-related offenses. Regarding comparator One, Plaintiff fails to address how the offenses—assault which was dropped and possession of marijuana which was a terminable offense—are similar to her charge. She only states that comparator One was charged with a serious offense involving drug possession. However, the determination of the similarity of the charges must be viewed from the employer's perspective. *Turner v. Kansas City Southern Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012); *see also*, *Smith*, 818 F.2d at 366-67 (allowing for employer's interpretation of conduct); *Okoye*, 245 F.3d 507, 514–15 (employer's greater concern regarding assault made employee accused of falsifying records an inapt comparator).

CCISD's written policies demonstrate that, while all employees are expected to be law-abiding, it specifically condemns conduct hurtful to minors. Code of Ethics, Standard 3.2. And the crime of furnishing alcohol to minors is singled out for particular prohibition. Code of Ethics, Standard 3.7. This is consistent with the mission of CCISD to provide appropriate services to minors, who make up the vast majority of the students it serves. *See generally*, Tex. Educ. Code § 4.001 (describing the mission of public education as including the health, well-being, and responsible citizenship of the children of Texas).

Donna Adams testified that Perez was the only employee she was aware of who had been charged with, and admitted guilt to, furnishing alcohol to minors. Perez objects

to this testimony on the basis that it is insufficient without supporting data or business records.  But it is Perez's responsibility to conduct discovery and to offer any evidence that may impeach an affiant's testimony.  Perez has offered no such controverting evidence.  Adams's statement is based on her personal knowledge obtained in the capacity of her human relations position with CCISD and is thus competent.  The Court OVERRULES Perez's objection to Adams's testimony regarding her knowledge of criminal charges against employees for furnishing alcohol to minors.

Perez—as the only CCISD employee known to have been arrested for, and to have accepted guilt for, furnishing alcohol to minors which included CCISD students—is in a class by herself, not similarly situated to her named comparators.  None of the charges against the four comparators directly involved the health or well-being of any minors.  Perez has failed to make a prima facie case of disparate treatment on these facts and her claims should be dismissed.

### 2.  Perez Has Not Demonstrated Pretext

CCISD submits that its actions in regard to Perez's termination were consistent with its policies and practices.  It argues that Perez was not treated differently based on her gender.  And if there was any difference in treatment, it was based on legitimate non-discriminatory reasons such as the nature of the criminal charges and whether the employee was an at-will or a contract employee.

This Court finds that CCISD's justification for its actions is not mere pretext.  First, the specific prohibition of furnishing alcohol to minors is written into CCISD's Code of Ethics policy and it applies across-the-board to all employees.  Perez has not

submitted evidence showing that the policy was motivated by discriminatory intent or applied unequally. CCISD has shown that the nature of the charge matters to its value system and that criminal history is a regular part of its employment decisions.

Additionally, there is no evidence that any other discriminatory conduct played a part in Perez's termination. Rebuttal evidence of pretext must be competent and probative to withstand summary judgment.

> [Plaintiff] points to no evidence other than her own "unsubstantiated assertions," to show the District's reasons for not renewing her contract were pretextual. "Pretext cannot be established by mere 'conclusory statements' of a plaintiff who feels she has been discriminated against." [Plaintiff] has not pointed to any competent summary judgment evidence to rebut the District's justification for her non-renewal. Because [Plaintiff] bears the "ultimate burden" of proof to show discrimination at trial, and she has failed to "demonstrate by competent summary judgment proof that there is an issue of material fact warranting trial" on the question of pretext, summary judgment in favor of the district was proper on each of her claims under Title VII and the ADEA.

*Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 248–49 (5th Cir. 2017) (footnotes and internal brackets omitted).

Perez offers four arguments as evidence of pretext: (1) Andrew Thompson's utterance regarding his interpretation of CCISD policy; (2) CCISD's failure to detail the factors considered during the criminal history review process; (3) CCISD's uneven application of the criminal history review process; and (4) the comparative time afforded to the employees to resolve the criminal charges against them.

**Policy Interpretation**. Perez states that she reported her arrest to Andrew Thompson, an attorney in CCISD's General Counsel's office. Thompson looked at a

"matrix board policy" and told her she could return to work and that the charge was not a felony. D.E. 21-2, p. 22. Perez argues that this constitutes some evidence of discrimination because it shows the uneven application of CCISD policies regarding what charges require adverse employment action.

CCISD objects to Thompson's statements as hearsay and as irrelevant. D.E. 26, p. 5. Perez's response to the objections states only that the testimony provides context regarding Perez's attempt to work with CCISD after being arrested on a criminal charge. In that respect, it is irrelevant to the question before the Court as to whether CCISD's reliance on the nature of the charge was pretextual. Furthermore, Perez makes no effort to demonstrate that the statements falls into an exception to the rule against hearsay. The Court SUSTAINS CCISD's objections to Perez's hearsay testimony regarding her exchange with Thompson.

**Criminal History Review Process**. Perez objects to Donna Adams's testimony regarding her participation in the review of Perez's employment after her criminal charge. Adams states that Policy DBAA was followed, but Perez claims that her testimony is not competent without details as to how the committee evaluated each factor in the employment decision. The information Perez seeks may be an appropriate discovery request, but it is not a basis for rejecting Adams's testimony that certain factors were considered and are offered as determinative. The Court is not here to second-guess whether, all things considered, CCISD was correct in terminating Perez. Rather, the Court is concerned only with whether Perez has offered substantial evidence that raises a fact issue as to whether the real reason for the termination was discriminatory. She has

not.  The Court OVERRULES Perez's objection to CCISD's failure to provide greater detail regarding its employment evaluation of Perez.

**Comparative Use of Criminal History Review**.  Perez claims that other employees charged with criminal conduct did not have to go through the criminal history review process.  CCISD objects to the final paragraph of Perez's affidavit that addresses that argument.  Perez does not demonstrate any personal knowledge of this issue with respect to other employees on the face of the affidavit and admitted in deposition testimony that she did not have such personal knowledge.  *See* D.E. 20-3, pp. 14-17.  Her testimony is thus based on hearsay.  CCISD's objection is SUSTAINED and this argument is rejected as being submitted without evidentiary basis.

**Time Afforded to Resolve Charge**.  Perez complains that male employees charged with DWI had six (6) months to take care of their legal matters, but that Perez was expected to have a resolution in sixty (60) days.  Yet Perez was terminated for admitting guilt to the charge against her, not because any time limit for resolving the charge expired.  She was arrested October 25, 2014, and placed on suspension without pay on November 7, 2014.  She remained employed, but suspended, when she forwarded her Agreement for Pretrial Diversion to CCISD on January 22, 2015, the same day she executed it—more than 60 days after those events.  The CCISD Criminal History Review Committee recommended her termination on February 5, 2015, based on a full review and she was terminated February 17, 2015.

Nothing about Perez's termination indicates that it was based on a missed deadline to resolve the charges.  And nothing about the timing of events supports an inference of

discrimination on the basis of gender. The Court rejects this argument that any time pressure was material or discriminatory.

As a matter of law, Perez has failed to satisfy her burden to show that CCISD treated similarly situated male employees more favorably. Her proffered comparators are not similarly situated and cannot support a prima facie case. Even if the facts supported a prima facia case, CCISD shifted the burden to Perez with its evidence of a legitimate non-discriminatory basis for terminating Perez—the criminal charge to which she admitted guilt. Perez has offered no competent evidence of pretext that could undercut CCISD's stated priority of requiring all employees to act lawfully with respect to minors.

Therefore, the Court GRANTS CCISD's motion to dismiss with respect to any claim based on Perez's termination.

## C. Suspension Without Pay

While the foregoing discussion disposes of Perez's termination claim, it does not necessarily dispose of the suspension-without-pay claim. CCISD's explanation of that decision is slightly more complicated and requires separate analysis with respect to the two parts of the decision: suspension and pay.

### 1. Suspension Decision

According to CCISD, two scenarios justify suspension pending resolution of the charges: (1) a charge resulting from conduct involving minors, students, CCISD work hours, or CCISD work duties; and (2) a high profile position that triggers public interest that impairs the employee's ability to do the job effectively. D.E. 20-4, ¶ 5. As

discussed above, it is the first category of suspensions—those based upon the nature of the charge—that applies to Perez.

Reserving the issue of pay during suspension for analysis below, there is only one comparator who received more favorable treatment on the issue of suspension pending investigation. Comparator Three, who is male, was charged with DWI. The record reflects that he was driving his own truck at 2:30 in the morning when he failed a field sobriety test and was arrested. He was not using a CCISD vehicle, doing CCISD work, or impaired during CCISD work hours. There is no evidence that minors or students were affected by his conduct. Thus he was not subject to suspension based on the nature of his charge. As a custodian, he was not in a high profile position. Therefore, there was no need for an investigation and no corresponding need to suspend him.[3] Comparator Three is not similarly situated to Perez with respect to the suspension decision.

### 2. Pay Decision

According to CCISD, only contract employees are paid during a period of administrative leave for investigation of a criminal charge. D.E. 20-1, ¶ 5, 20-4, ¶ 5. Perez was an at-will employee, not a contract employee. All of her comparators who were suspended were paid during that suspension, but all of them were contract employees. Thus none of the comparators were similarly situated with respect to the decision to withhold pay during Perez's suspension.

---

[3]   Because his job required that he drive and the charge against him made him an uninsurable driver, he was summarily demoted to a non-driving position and allowed to continue to work. CCISD does not treat a first DWI as a terminable offense.

Perez objects to the admissibility of the affidavit testimony of Donna Adams and Dr. Roland Hernandez discussing CCISD policies regarding administrative leave on the basis that the testimony is not sourced from any written document and is thus bare legal or factual conclusions or opinion.

It is well-settled that "Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations. But a policy may also be evidenced by custom, persistent and widespread practice . . . ." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (addressing municipal liability for civil rights violations). The testimony here is offered by persons holding high office within CCISD, having within their area of responsibility the process and procedure for evaluating the continued employment of employees charged with criminal offenses. The affiants describe the rational basis for the policy regarding administrative leave and whether it is with or without pay. And they indicate that the practice upon which the policy is based is widespread and consistent.

Superintendent Dr. Roland Hernandez testified in his affidavit:

> Ms. Adams recommended that Ms. Perez be placed on administrative leave without pay, and I approved the suspension based on her recommendation. This practice was consistent with how we handle at-will employees who have pending criminal charges. When we learn of an arrest of an employee, employees are placed on administrative leave while the District conducts an investigation. At-will employees are generally placed on administrative leave without pay following an arrest while contract employees are placed on administrative leave with pay following an arrest due to the legal protections for educators who are under contract.

D.E. 20-1, ¶ 5.  Senior Director of Certified and Professional Personnel, Donna Adams, testified to the same, elaborating on the legal complications behind the policy:

> The reason for this practice is that the Education Code requires the school board to take action in order to suspend an employee who has a Chapter 21 contract.  Contract employees can also challenge that decision and request a hearing and that can be appealed to the Commissioner of Education, which can be extremely costly to the District.  Accordingly, the District's general practice is not to suspend without pay when employees have a contract.

D.E. 20-4, ¶ 5.  The objections to CCISD's policy evidence are OVERRULED.

**D. Remaining Evidentiary Objections**

Perez objects to Dr. Hernandez's affidavit insofar as it speaks to CCISD policies as being "strong" policies.  The Court's decision does not turn on Dr. Hernandez's opinion regarding the strength of the relevant policies.  The objection is OVERRULED as moot.

Perez objects to Dr. Hernandez's testimony regarding the consistency of CCISD's treatment of employees charged with criminal offenses and the accuracy of Adams's testimony regarding CCISD policies.  Perez complains that the testimony is without sufficient supporting data.  However, the reasoning is set out and Dr. Hernandez occupies a position within CCISD that would provide him with personal knowledge to support the statements.  It is Perez's burden to impeach that testimony with contrary data, if any exists.  She has not done so.  The objections are OVERRULED.

CCISD objects to Perez's practice of attaching evidence to its summary judgment response that is not specifically cited in her response.  For instance, rather than deposition

excerpts focused on the pages cited, she attached full deposition transcripts. And she attached transcripts that were not cited at all. She suggests that these materials were offered in case the Court wanted to further explore the matter. The Court is not required to, and did not in fact, review uncited materials in search of additional evidence not specifically addressed by the parties. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")). The Court SUSTAINS CCISD's objection to extraneous materials attached to Perez's response.

CCISD objects to Perez's Exhibits C through Q as lacking authentication and containing hearsay. The Court OVERRULES the objection regarding lack of authentication in that the exhibits are CCISD records that appear to have been produced in discovery, containing CCISD bates numbering and confidentiality stamps. CCISD is in a position to show that the exhibits are not what they purport to be, but has suggested nothing to that effect. In fact, CCISD relies on many of the same exhibits. The Court however SUSTAINS the hearsay objection to any contents that qualify as hearsay and were not equally referred to by CCISD's witnesses.

CCISD makes a number of objections to the affidavit of Perez with respect to her testimony regarding the availability of other positions that she could have filled when she was placed on administrative leave. The Court SUSTAINS the relevancy objection because there is no evidence that CCISD made the decision to suspend or terminate Perez based on any lack of positions she could have filled.

### E. CCISD's Request for Sanctions

Because Perez did not file her response and supporting exhibits under seal and because they disclose confidential information subject to the parties' protective order, CCISD asks the Court to strike the response and grant other sanctions.  D.E. 22; *see also* D.E. 26, pp. 2-3.  Perez has filed her response to this issue, stating that counsel's legal assistant took action to file the documents under seal but that the electronic filing process did not work as anticipated, the failure to file the summary judgment response and exhibits under seal was thus an unintentional clerical mistake, and that the error was rectified as soon as it was discovered.  D.E. 29.

When alerted by Perez's counsel, the Clerk was able to immediately seal the filing, mitigating any harm that might result.  Nothing in this scenario reveals any reason to punish Perez, the party, by striking her summary judgment response.  The Court further notes that there is no suggestion that Perez or her counsel have engaged in any other violation of the protective order.  After due consideration, the Court GRANTS IN PART the motion to enforce the protective order and ORDERS that Perez's summary judgment response, D.E. 21, along with its exhibits remain under seal.  The Court further cautions Perez and her counsel that any additional violations of the protective order will not be viewed favorably.  The Court DENIES IN PART the motion for sanctions at this time.

### CONCLUSION

For the reasons set out above, the Court GRANTS CCISD's motion for summary judgment (D.E. 20) and dismisses this action with prejudice.  CCISD's motion to enforce

the protective order and for sanctions is GRANTED IN PART and DENIED IN PART;

the Court ORDERS D.E. 21 to remain under seal, but denies sanctions. The Court

ORDERS that this ORDER be filed as a public record and not under seal.

ORDERED this 28th day of March, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE